UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DISTRIBUTOR SERVICE, INC., )<br>    *Plaintiff*, )<br> )<br>    *vs.* )<br> )<br>RUSTY J. STEVENSON, AND RUGBY IPD CORP. )<br>D/B/A RUBGY ARCHITECTURAL BUILDING )<br>PRODUCTS, )<br>    *Defendants.* | 1:13-cv-01409-JMS-DKL |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Plaintiff Distributor Service, Inc. ("DSI") filed an Amended Complaint against Defendants Rusty Stevenson and Rugby IPD Corp. d/b/a Rugby Architectural Building Products ("Rugby") alleging that diversity jurisdiction exists over this matter. [Dkt. 11 at 2-3 ¶¶ 3, 7-9.] DSI asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs. [*Id.* at 2 ¶ 3.] DSI further alleges that it is a citizen of Pennsylvania, [*id.* at 2 ¶ 7], while Mr. Stevenson is a citizen of Indiana, [*id.* at 2-3 ¶ 8], and Rugby is a citizen of New Hampshire, [*id.* at 3 ¶ 9].

Defendants answered DSI's Amended Complaint, asserting that they can neither admit nor deny that the amount in controversy is satisfied, [dkt. 18 at 2 ¶ 3], that they are without sufficient knowledge to admit or deny that DSI is a citizen of Pennsylvania, [*id.* at 3 ¶ 7], and that they deny that Rugby is a corporation organized under the laws of New Hampshire, [*id.* at 4 ¶ 9].

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Based on the Defendants' answer to DSI's Amended Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Accordingly, the Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **October 15, 2013**, setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs. If the parties cannot agree on their respective citizenships or the amount in controversy, exclusive of interest and costs, any party who disagrees shall file a separate jurisdictional statement by **October 15, 2013**, setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

Date:   10/01/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

John J. Myers
ECKERT SEAMANS CHERIN & MELLOTT LLC
jmyers@eckertseamans.com

William S. Myers
ECKERT SEAMANS CHERIN & MELLOTT, LLC
wmyers@eckertseamans.com

Christopher N. Wahl
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
chris@hfmfm.com

Keith J. Hays
HILL FULWIDER MCDOWELL FUNK & MATTHEWS

khays@hillfulwider.com

Melissa K. Fuller
JACKSON LEWIS LLP
melissa.fuller@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com